IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Gerardo Ferrao Rivera**.<br>*Plaintiff*<br>*v.*<br>**Puerto Rico Department of Education,<br>Commonwealth of Puerto Rico**<br>*Defendants* | CIVIL ACTION<br>Case No. 3:24-cv-1079<br>ADEA (Age)<br>TITLE VII<br>(Gender/Religion)<br>RETALIATION<br>**Demand for Jury Trial** |

## COMPLAINT

### I.   INTRODUCTION

**Preliminary Statement**

1. Plaintiff *Gerardo Ferrao Rivera* ("*Ferrao*"), a male middle-high school history teacher with unexpressed religious views, over the protected age of forty, now brings this civil action pursuant the Age Discrimination in Employment Act and Title VII, to remedy acts of employment discrimination perpetrated against him. Plaintiff contends unlawful acts of discrimination, because of his gender, religious views, age and protected activity (retaliation), were perpetrated against him by his employer Puerto Rico Department of Education/Commonwealth of Puerto Rico (Hereinafter "Defendant") which led to his involuntary work suspension on December 13, 2022, when he was suspended without cause with a *pretextual* excuse, in response to his protected activities. Plaintiff has worked for defendant at the "*Escuela Libre de Musica Ernesto Remos Antonini*" since August 2017, and belongs to a group of protected employees.

2. The Plaintiff respectfully asks the Court to find defendants in violation of Federal Antidiscrimination Laws, specifically Age Discrimination in Employment Act and Title VII, including Puerto Rico laws, and to award the relief requested below. Defendant violated plaintiff's rights under Federal and Puerto Rico laws, and plaintiff seeks what is only deemed to be fair and just, immediate work reinstatement to the same workplace school he was assigned and belongs,

1

his employee record expunged, the hostile work environment to cease, as well as compensatory, punitive damages, and his attorney fees.

3. Defendants violated plaintiff's rights under federal law protecting workers from discrimination on the basis of his age, gender, religion and protected activity. Defendants are jointly and severely liable for violating plaintiff's rights under federal law. Plaintiff seeks reinstatement, back pay and benefits, including unpaid salary incentives, compensatory damages, and reasonable attorney fees.

## II.   JURISDICTION

4. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, and pursuant to the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166). This Court may exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (a) because those arise from same nucleus of operative facts as his federal claims.

5. Venue properly lies before this Court under 28 U.S.C. §1391(b).  Plaintiff and Defendants are resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district.  A substantial part of the events giving rise to this suit arose on Defendants' premises, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

6. Prior to filing this lawsuit, Gerardo Ferrao Rivera filed timely written charges with the Equal Employment Opportunity Commission ("EEOC"), where he notified defendants and indicated discrimination based on his *gender, religion, age,* and *protected activity.* The charge

placed defendants on notice of his claims under federal employment discrimination statutes. Plaintiff filed his EEOC Case on October 2, 2023. He received his *Notice of Right to Sue*. Mr. Ferrao has filed this action within 90 days of receipt of his notice. Accordingly, plaintiff has exhausted all administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed.

### III.     PARTIES

9. Plaintiff *Gerardo Ferrao Rivera* ("plaintiff") is a citizen of San Juan Puerto Rico and at all relevant times employed by defendant the Commonwealth of Puerto Rico, specifically its Department of Education, since 2015, as professor of History and Social Studies. He is a male belonging to the protected group of individuals over the age of forty (40), resides in the judicial District of Puerto Rico and mailing address Apt. 713-A, Cooperativa Los Robles, San Juan, PR 00927.

10. Defendants are the Puerto Rico Department of Education and the Commonwealth of Puerto Rico. At all relevant times was plaintiff's employer, and is responsible for plaintiff's gender, age, religious discrimination, hostile working environment, and retaliation because of his protected conduct. Puerto Rico Department of Education's mailing address is Ave. Tnte. Cesar Gonzalez, Esq. Calle Juan Calaf, Industrial Tres Monjitas, Hato Rey, PR 00917. Defendant Commonwealth of Puerto Rico a/k/a Estado Libre Asociado de Puerto Rico is made a party to this case to comply with service of process requirements for actions brought against Commonwealth.

11. Defendant's responsible management official *Magaly Rosario Rivera* was plaintiff's immediate supervisor and at all relevant times, an employee of the Puerto Rico Department of Education, within the judicial District of Puerto Rico. She is responsible for plaintiff's hostile working environment and unlawful workplace discrimination.

12. Defendants are employees, agents, and/or supervisory personnel and were, at all times material to this complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of violations and failed to prevent. All individual Defendants are jointly liable for damages alleged herein.

IV.   FACTUAL ALLEGATIONS

13. Plaintiff has worked for defendants for over five (5) years, since he was hired in August 2017, at the "Escuela Libre de Musica Ernesto Ramos Antonini" as Professor of History and Social Studies.

14. Plaintiff is forty-eight (48) years of age, and at all times he has belonged to a protected group of employees, over the age of forty (40). At all times his employer was aware of my age (over 40), his gender (male) and his religious views (atheist/non-believer).

15. During 2017, the plaintiff was assigned to work for the Department of Education, at San Juan's premier Music Academy: "Escuela Libre de Musica Ernesto Ramos Antonini".

16. On March 10, 2022, plaintiff submitted a written complaint letter to Ramon Guzman, investigator of the Department, in response to receiving on March 7,2022, a baseless allegation of misconduct dated back almost three (3) years to June 21, 2019, and October 28, 2019.

17. Shortly after, on March 31, 2022, plaintiff was given notice of disciplinary action.

18. On August 24, 2022, plaintiff was unlawfully removed from his work post as Professor of the Academy at the "Escuela Libre de Musica Ernesto Ramos Antonini".

19. During November of 2022, plaintiff participated in the Teacher's Federation Manifestation at Chardon's Ave., this was in front of the Academy at the "Escuela Libre de Musica Ernesto Ramos Antonini", at 5PM, to denounce the Academy's Director selective prosecution of professors, including himself. By the time of this manifestation, plaintiff had become aware of the

School Director's chat in which she specifically ordered video surveillance on the plaintiff targeting him for removal.

20. Plaintiff has obtained sworn statements from individuals including coworkers and School Director's acquaintance which confirms his selective prosecution.

21. Plaintiff also participated in two separate manifestations: First Nov. 2, 2022, in front of the school and later Dec. 13, 2022, in front of the Department of Education. On Dec. 13, 2022, he was given yet another baseless disciplinary action notice, in response to having participated in said public manifestation.

22. Plaintiff was subjected to a hostile work environment, selective prosecution with pretextual excuses, as well as retaliation for exercising his rights. Plaintiff was treated differently because of his age, my gender and/or religion, because Director Magaly Rosario Rivera subjected him to unlawful selective prosecution.

23. Shortly after the plaintiff was removed from the workplace, Carlos I. Ramos Rodriguez, who is under his protected age and Christian, was put in his place to perform his functions as professor. However, at all times, plaintiff met employer's objective work expectations, and there was no recurring performance and/or disciplinary problem.

24. At all times plaintiff was qualified for his position. Shortly after removal from the workplace Mr. Ferrao was sent to "Medida Cautelar" located in the main building which house the Department of Education, San Juan region. After he engaged in protected activity on or about December 13, 2022, he was then removed from the Department of Education premises and sent home to await his administrative hearing. Derogatory comments, including management's intention to remove him from the workplace/terminate his employment, were expressed, written in a chat with Professor Everling Morla. (All parties involved in said chat are females) Plaintiff has screenshots and the entire chat that confirm this content.

25. Plaintiff believes his employer discriminated against him because of his gender (Title VII), his age (ADEA) and retaliated (Title VII) because of his protected activity, in violation of federal laws. Plaintiff asks for discriminatory/retaliatory conduct to cease, his reinstatement, compensatory damages, backpay and legal fees.

26. The Court will find that plaintiff has alleged sufficient facts regarding his claims, status as a qualified individual, and/or an adverse employment decision, among others. Under the notice pleading standards of the Federal Rules of Civil Procedures, this is sufficient at this preliminary stage. See Shaner v. Synthes, 204 F. 3d494, 500 (3d. Cir. 2000); Shumacker v. Souderton Area Sch. Dist., No. Civ. A. 99-1515, 2000 WL 72047, at *8 (E.D. Pa. Jan. 21, 2000).

27. The Plaintiff now comes before this Court to seek only what is deem to be fair and just, thru reasonable compensation for damages as a result of his employer's willful deprivation of his meaningful employment after 5 years of service to the "Escuela Libre de Musica Ernesto Ramos Antonini".

## V.  CAUSES OF ACTIONS

### COUNT I: Gender Discrimination/Violation of Title VII of the Civil Right Act

28. The foregoing paragraphs are realleged and incorporated by reference herein.

29. Defendants' conduct as alleged at length herein constitutes discrimination based on his *gender* in violation of Title VII. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

30. Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. Title VII prohibits employers from discriminating against an employee on the basis of his gender and *also prohibits retaliation* against an employee who asserts his rights under the law. Title VII also prohibits workplace disciplinary practices that may have a

6

*disproportionate* impact on a protected group of people, including *females.* Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

31.  Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The harassing action need not be inspired "by sexual desire" to be redressable under Title VII – the only requirement is that the action must be because of the victim's sex. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998); accord *Pérez-Cordero*, 656 F.3d at 28; *O'Rourke v. City of Providence*, 235 F.3d 713, 729 (1st Cir. 2001). An employer's creation or toleration of a hostile work environment, if sufficiently severe or pervasive, can qualify as an adverse employment action. See, *Noviello v. City of Boston*, 398 F.3d 76, 88-90 (1st Cir. 2005); *Quiles-Quiles v. Henderson*, 439 F.3d 1, 9 (1st Cir. 2006) ("[t]he adverse employment action requirement may be satisfied by showing the creating of a hostile work environment or the intensification of a pre-existing hostile environment.").

32.  Defendant discriminated against the plaintiff because of his gender. Plaintiff worked in an environment mostly controlled by women. Over 90% of his fellow employee professors who were similarly situated, were females. All administrative staff were females. The only Supervisor was a female who selectively prosecuted male staff employee/professors who were, including plaintiff, disproportionally and selectively prosecuted with pretextual fabricated baseless allegations of misconduct. Despite having no prior recurring issues of performance.

33.  Female employees were treated favorably, and Supervisor was lenient to them.

34.  Defendants are jointly and severally liable.

### COUNT II: Violation of Title VII (Religion) and Civil Right Act of 1991

35. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

36. Defendant's conduct as alleged herein also constitute discrimination based on his *religious views* in violation of Title VII of the Civil Rights Act of 1964 *and* 42 U.S.C. §1981 and the Civil Rights Act of 1991, as amended.  Plaintiff was atheist/non-believer and was excluded from his workplace because of his religious views.

### COUNT III: Violation of the Age Discrimination in Employment Act (29 U.S.C.A. §621 et. seq.)

37. The foregoing paragraphs are realleged and incorporated by reference herein.

38. The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against persons at work because of their age.  Plaintiff was over the age of forty and belonged to a protected age group at all relevant times.

39. Defendant's employees who were younger, outside plaintiff's protected age group, were allowed to continue work and/or substitute the plaintiff in the workplace. Defendant's Supervisors were more lenient towards similarly situated under PAG employees.

40. Defendant discriminated against the plaintiff because of his *age*.

41. Defendants are jointly and severally liable.

### COUNT IV: Retaliatory Involuntary Work Suspension in Violation of Title VII (42 U.S.C.S. §2000e-3(a) et. seq.)

42. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

43. Plaintiff will prove a prima facie claim of retaliation under 42 U.S.C.S. §2000e-3(a) and demonstrate by the preponderance of evidence that: (1) he engaged in protected activity as an employee, (2) he was subsequently subjected to adverse employment action, and (3) there

was a causal connection between the protected activity and his involuntary works suspension. The plaintiff in the instant case openly opposed his employer's unlawful workplace practices.

44. In the present case, the employer failed to resolve plaintiff's internal complaint dated August 18, 2022, and engaged in selective prosecution of the plaintiff. Defendant's subsequent "legitimate non-retaliatory" reason for subjecting plaintiff to unlawful adverse employment action, is a *pretext* for unlawful retaliation. See *EEOC v. Louisiana Office of Community Servs.*, 43 F.3d. 1438, 1443 (5th. Cir. 1995) and *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th. Cir. 1994).

45. Defendants are jointly and severally liable.

**COUNT V: VIOLATION OF THE COMONWEALTH OF PUERTO RICO LAW**

46. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

47. Puerto Rico's Act No. 115, approved on December 20, 1991, is Puerto Rico's Employment *Anti-retaliation* Act ("Ley de Represalias contra empleado por ofrecer testimonio y causa de Accion""). It prohibits employers from retaliating against an employee who reports employer's unlawful practices to a government agency's investigation. Plaintiff belonged to a protected class *after* submitting a written complaint alleging a hostile work environment and employer's unlawful workplace practices.

48. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on an employee's *gender*. 29 L.P.R.A. §146. Specifically, it also prohibits employers from taking adverse action against an employee because of his sex, with regards to the terms and conditions of his employment, refusing to keep or reincorporate employee into his job, willful deprivation of employment and/or taking adverse

actions that negatively affect his employment status. It also creates a *presumption* against the employer. In the above referenced case, the plaintiff belonged to a *protected class* of employees, he was qualified for his job, was forced to work in a hostile environment and placed in an involuntary work suspension because of his employer's retaliatory animus. Act No. 169 (2014) amended Act No. 100 to extend its protection to employees that participate in internal company procedures. Plaintiff filed an internal complaint.

49. Defendants are jointly and severally liable.

50. Defendants engaged in plaintiff's *retaliatory* involuntary work suspension, *after* he had interna complaints against his female supervisor.

## COUNT VI: EMOTIONAL DISTRESSS AND MENTAL ANGUISH

51. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

52. As result of defendants unlawful and tortious conduct towards plaintiff, he suffered severe emotional distress and mental anguish resulting in painful emotions, such as grief, severe disappointment, indignation, wounded pride, shame, public humiliation and despair, among others. A mental and emotional injury separate and distinct from his employment discrimination claims.

53. Under 29 L.P.R.A. §194b(b) plaintiff is entitled to file this civil action to recover compensation as a result of his mental anguish and emotional distress, inflicted by defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendants' conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.

B. That this Honorable Court award Plaintiff reinstatement, back pay, all loss benefits, front pay and other equitable relief.
C. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against Plaintiff.
D. That this Honorable Court award compensatory and general damages in the amount of $1,000,000.00 against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as a remedy, as provided by the law and statutes of the United States and the Commonwealth of Puerto Rico.
E. That this Honorable Court award Plaintiff his costs, expenses, and attorney's fees.
F. Pre-judgment interest; and
G. Any other relief this Court deems equitable, just and appropriate.

## VII.   JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues triable to a jury.

In San Juan, Puerto Rico, on this 20th day of February of 2024.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
**USDC-PR230108**
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: *hcobo@hcounsel.com*

/S/ Winston Vidal-Gambaro
Winston Vidal-Gambaro
**USDC-PR 130401**
PO Box 193673
San Juan, Puerto Rico 00919-3673
Tel. (787) 751-286
Email: wvidal@prtc.net
wvidal.law@qmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*
